UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MARK WRIGHT-AHERN**,

Plaintiff,

v.  Case No. 5:24-CV-173-MMH-PRL

**CITY OF CLERMONT**,

Defendant.
_____/

## ORDER

Plaintiff Mark Wright-Ahern appeared for his deposition on December 18, 2024, but refused to proceed because Defendant City of Clermont's corporate representative, Nadine Ohlinger, who is also a fact witness, was in attendance. The parties could not reach an agreement on the issue, and the deposition was terminated. Defendant then filed a motion to compel Plaintiff's deposition with its corporate representative in attendance (Doc. 25) and Plaintiff filed a motion for sequestration and protective order (Doc. 27).

Generally, parties have the right to attend depositions. *Federal Trade Commission v. Roca Labs, Inc.,* No. 8:15-cv-2231-T-35TBM, 2016 WL 11523492, at *1 (M.D. Fla. September 7, 2016). Under Rule 26(c), "a court may exclude a party from attending a deposition only in 'extraordinary circumstances.'" *Id*. The party or person seeking to exclude a party from a deposition must show good cause under Rule 26(c). *Id.; see also, Lopez v. Gibson,* No. 6:17-cv-327-Orl-40GJK, 2018 WL 11350477, at *2 (sequestration under Fed.R.Evid.615 does not apply to depositions; instead the proper rule to apply is Rule 26, which provides that the Court may for good cause issue an order to protect a party); *Cornell v. A&K Energy Conservation, Inc.,*

No. 8:10-cv-393-T-30TBM, 2011 WL 13257551, at *2 (M.D. Fla. February 2, 2011) (explaining that a party "may appropriately seek sequestration of fact witnesses at deposition under Rule 26 upon a showing of good cause.").[1] To meet this burden, the movant must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements supporting the need for a protective order." *Ice House America, LLC v. Innovative Packaging Technologies, Inc.,* No. 3:05-cv-1294-J-33TEM, 2007 WL 9718931, at *2 (M.D. Fla. October 2, 2007) (citations omitted).

Here, Plaintiff simply asserts that Ms. Ohlinger's attendance at the deposition creates a risk of prejudice because:

    A. The corporate representative may gain insight into Plaintiff's testimony, which could be used to tailor the testimony of other witnesses or the corporate representative's own testimony.

    B. The corporate representative's presence may intimidate or otherwise influence Plaintiff, thereby impairing the accuracy and completeness of Plaintiff's testimony.

(Doc. 27 at 3).

These generalized and conclusory allegations standing alone fail to establish the requisite good cause and are certainly not "extraordinary circumstances" to support the exclusion of Defendant's corporate representative from Plaintiff's deposition. *See e.g., Advice Interactive Group, LLC v. Web.com Group, Inc.,* No., 2018 WL 3601171, *1 (M.D. Fla. March 27, 2018) (denying motion for protective order excluding future witnesses from attending

---

[1] Rule 26(c)(1), Fed. R.Civ.P., provides that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . designating the persons who may be present while the discovery is conducted.

depositions where plaintiff simply asserted that defendant was trying to improperly prepare other witnesses and influence their testimony); *Ice House America, LLC,* 2007 WL 9718931, at *2 (holding that a party's allegations and fears of influence during a deposition unsupported by affidavit or other evidence does not establish good cause to exclude a person from deposition). Indeed, Plaintiff's assertions are not specific to the facts of this case and could be made about any case where the corporate representative for a party is also a fact witness. Likewise, Plaintiff's contention that Defendant failed to provide sufficient notice that Ms. Ohlinger would be the corporate representative does not support her exclusion.

Accordingly, Defendant's motion to compel (Doc. 24) is **granted** and Plaintiff's motion for protective order (Doc. 27) is **denied**. Plaintiff shall appear for deposition prior to the deposition of Defendant's corporate representative.[2] Defendant's corporate representative may attend Plaintiff's deposition.

Finally, Defendant seeks sanctions for Plaintiff's refusal to continue his deposition pursuant to Rule 37(d), Federal Rules of Civil Procedure. This rule, however, has been strictly construed and applies only when a deponent "literally fails to show up for a deposition session." *Sihler v. Global E-Trading, LLC,* No., 2024 WL 4534218, *3 (M.D. Fla. October 21, 2024) (citations omitted). Here, because Defendant appeared for his properly noticed deposition, Rule 37(d) sanctions are not available.

However, where, as here, the motion to compel is granted, and is caused by the failure of a party to comply with his discovery obligations, the Court is required to award the fees and expenses incurred in filing the motion. Fed. R. Civ. P. 37(a)(5)(A). Only if the Court

---

[2] Plaintiff has noticed Ms. Ohlinger, in the capacity of a corporate representative and fact witness, for deposition on February 13, 2025. (Doc. 28).

determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action or the Court determines that the response of the non-moving party was substantially justified or if other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions.

None of those exceptions are presented here. Indeed, before filing this motion, in addition to the discussion at Plaintiff's deposition, defense counsel represents that he further emailed Plaintiff's counsel in an effort to resolve this matter. Moreover, Plaintiff has not offered substantial justification for his failure to complete his properly noticed deposition. Indeed, Plaintiff has not cited any case in which a court denied a party the right to attend a deposition of another party in the case.[3] Nor has Plaintiff provided any circumstances that would otherwise make an award unjust. Accordingly, Defendant is entitled to reimbursement for the fees and expenses incurred in preparing and filing the instant motion.

Accordingly, Plaintiff is hereby ordered to pay to Defendant the reasonable expenses and attorney's fees incurred by counsel in preparing and filing the instant motion. Defendant shall submit within ten (10) days of the date of this Order an affidavit detailing the reasonable expenses and fees incurred in preparing and filing the motion to compel. To the extent that Plaintiff objects to the amount of expenses and fees claimed by Defendant, Plaintiff shall file a response within ten (10) days of service of Defendant's affidavit. Upon receipt of Defendant's affidavit and any objections by Plaintiff, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

---

[3] For example, in *Lumpkin v. Bi-Lo, Inc.*, 117 F.R.D. 451, 454 (M.D. Ga. 1987), a case cited by Plaintiff, the Court found that counsel for defendant could be accompanied by only one corporate representative at plaintiff's deposition.

**DONE** and **ORDERED** in Ocala, Florida on January 31, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge