UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MARK WRIGHT-AHERN,**

    **Plaintiff,**

v.                                           Case No: 5:24-cv-173-MMH-PRL

**THE CITY OF CLERMONT,**

    **Defendant.**

### ORDER

Plaintiff Mark Wright-Ahern appeared for his deposition on December 18, 2024, but refused to proceed because Defendant The City of Clermont's corporate representative, Nadine Ohlinger, who is also a fact witness, was in attendance. The parties could not reach agreement on the issue, and the deposition was terminated. Defendant then filed a motion to compel Plaintiff's deposition with its corporate representative in attendance (Doc. 25) and Plaintiff filed a motion for sequestration and protective order (Doc. 27). On January 31, 2025, the Court granted Defendant's motion to compel and awarded attorney's fees. (Doc 31).

Now, Plaintiff asks the Court to reconsider that ruling because the Court "overlooked or misapprehended key facts and legal principles regarding the presence of Defendant's corporate representative, Nadine Ohlinger, at Plaintiff's deposition." Plaintiff contends that reconsideration is necessary to prevent manifest injustice, because otherwise, Plaintiff will be compelled to proceed with a deposition under conditions that compromise the fairness and integrity of the discovery process. Plaintiff also asks the Court to set aside the award of attorney's fees. In response, Defendant advises that many of the issues raised by the motion are now moot because Plaintiff's deposition was taken on February 19, 2025 with Nadine

Ohlinger in attendance as Defendant's corporate representative and Plaintiff took the deposition of Nadine Ohlinger on February 20, 2025, both as a fact witness and as Defendant's corporate representative.

### I.   Legal Standards

"Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration." *Beach Terrace Condo. Ass'n, Inc. v. Goldring Invs.*, No. 8:15-CV-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). Under Rule 59(e), which applies here,[1] "a party may ask a district court to reconsider an earlier ruling." *See Hill v. Escambia Cnty. Sheriff's Off.*, No. 21-10631, 2022 WL 1297809, at *3 (11th Cir. May 2, 2022).

A motion for reconsideration "will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice." *See De Ford v. Koutoulas*, No. 6:22-CV-652-PGB-DCI, 2023 WL 3584077, at *3 (M.D. Fla. May 22, 2023); *see also United States v. Battle*, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (indicating that "[a]n error is not 'clear and obvious' if the legal issues are 'at least arguable'") (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990) (cautioning "any litigant considering bringing a motion to reconsider based upon th[e] [third] ground should evaluate whether what may seem to be a clear error of law is in

---

[1] "The time when then the party files the motion [for reconsideration] determines whether the motion will be evaluated under Rule 59(e) or Rule 60." *Beach Terrace Condo. Ass'n, Inc.*, 2015 WL 4548721, at *1. "A Rule 59(e) motion must be filed within 28 days after the entry of the judgment [or an order], whereas "[m]otions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b)." *Id*. Here, Plaintiff's Motion for Reconsideration was filed within 28 days of the Court's January 31, 2025, Order granting the motion to compel. Thus, the Court will proceed and analyze Plaintiff's Motion for Reconsideration under Rule 59(e).

fact simply a point of disagreement between the Court and the litigant"). Generally, to obtain reconsideration, the movant must demonstrate "why the court should reconsider its decision" and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *See Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993).

However, a Rule 59(e) motion for reconsideration cannot be used as a vehicle through which to "relitigate old matters" or "raise argument[s] . . . that could have been raised prior to the entry of judgment [or an order]." *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Indeed, a court "will not reconsider a previous ruling when the party's motion fails to raise new issues and, instead, only relitigates what has already been found lacking." *See Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

## II. Discussion

As the Court previously explained, parties generally have the right to attend depositions. *Federal Trade Commission v. Roca Labs, Inc.,* No. 8:15-cv-2231-T-35TBM, 2016 WL 11523492, at *1 (M.D. Fla. September 7, 2016). Under Rule 26(c), "a court may exclude a party from attending a deposition only in 'extraordinary circumstances.'" *Id.* The party or person seeking to exclude a party from a deposition must show good cause under Rule 26(c). *Id.; see also, Lopez v. Gibson,* No. 6:17-cv327-Orl-40GJK, 2018 WL 11350477, at *2 (sequestration under Fed.R.Evid. 615 does not apply to depositions; instead the proper rule to apply is Rule 26, which provides that the Court may for good cause issue an order to protect a party); *Cornell v. A&K Energy Conservation, Inc.,* No. 8:10-cv-393-T-30TBM, 2011 WL 13257551, at *2 (M.D. Fla. February 2, 2011) (explaining that a party "may appropriately

seek sequestration of fact witnesses at deposition under Rule 26 upon a showing of good cause."). To meet this burden, the movant must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements supporting the need for a protective order." *Ice House America, LLC v. Innovative Packaging Technologies, Inc.*, No. 3:05-cv-1294-J-33TEM, 2007 WL 9718931, at *2 (M.D. Fla. October 2, 2007) (citations omitted).

In denying Plaintiff's motion for protective order and granting Defendant's motion to compel, the Court explained that Plaintiff had failed to establish the requisite good cause because he had simply provided "generalized and conclusory allegations" of potential prejudice—i.e., corporate representative may gain insight into Plaintiff's testimony and her presence may intimidate or influence Plaintiff's testimony. Now, Plaintiff argues that the Court "overlooked or misunderstood key facts and legal principles." To that end, he cites excerpts of deposition testimony confirming that Ms. Ohlinger was involved in the underlying events in this employment discrimination action; as well as, deposition testimony and discovery responses supporting his theory that Brian Forman's deposition testimony was altered due to Ms. Ohlinger's presence. Basically, Plaintiff is requesting that the Court order Defendant to choose a different corporate representative for Plaintiff's deposition because he is intimidated by Ms. Ohlinger's presence, and because it would be unfair for Ms. Ohlinger to observe Plaintiff's testimony.

Notably, Plaintiff has failed to cite any case in which the Court barred a corporate representative (who was also a fact witness) from attending another party's deposition. Indeed, the only relevant case cited by Plaintiff in the instant motion—*Cornell v. A&K Energy Conservation, Inc.,* No. 8:10-cv-393-T-30TBM, 2011 WL 13257551, at *2 (M.D. Fla. February

2, 2011)—is readily distinguishable. In *Cornell*, the defendant wanted three fact witnesses and a corporate representative to attend the deposition of the other fact witnesses. The Court granted a protective order holding that the defendant could have only one representative in addition to the witness present at each deposition. In making this finding, the Court relied (at least in part) on the Middle District Discovery Handbook which provides that "[e]ach lawyer may ordinarily be accompanied at deposition by one representative of each client, . . .". *Id.*

Plaintiff's concern that Ms. Ohlinger's presence "creates an inherent power dynamic that may intimidate Plaintiff and impair the accuracy and completeness of his testimony," fails to provide the requisite good cause. (Doc. 32 at 6). Indeed, other than claiming that Brian Forman's testimony was influenced by Ms. Ohlinger's presence, Plaintiff has failed to offer any particularized facts as to why Plaintiff—who is no longer employed by Defendant— would feel intimidated and pressured to testify differently. [2] *See e.g., Kostov v. Maricopa County Specia Health Care District*, No. 2024 WL 4364138, at *2 (D.Ariz. Oct. 1, 2024) (noting that "[c]ourts across the county have recognized that good cause exists where the presence of a deponent's supervisor could be intimidating); *Rucabado-Rodriguez v. Am. Airlines*, No. CV21-1088 (FAB-MDM), 2022 WL 336593, at *2 (D.P.R. Feb. 3, 2022) (denying motion for protective order to exclude corporate representative from Plaintiff's deposition explaining that "[u]nder a very specific scenario not presented here, the Court could understand how a plaintiff who is a *current* employee suing his *current* employer might feel intimidated by testifying against his *current* employer in the presence of his *current* supervisor, but that is not

---

[2] For example, Plaintiff did not demonstrate that he and Ms. Ohlinger have any animosity for one another or that they have had prior or actual conflict. And the amended complaint does not allege any misconduct or mistreatment of Plaintiff by Ms. Ohlinger.

the case here") (emphasis in original); *In re Shell Oil Refinery*, 136 F.R.D. 615, 617-18 (E.D. La. May 16, 1991) (excluding corporate representative Frank Abatte, who was also a fact witness from deposition of plaintiff where defendant had designated a succession of corporate representatives, had advised that Mr. Abatte would not be a corporate representative at trial, and Plaintiff (who was still employed by Defendant) testified that he was intimidated by Mr. Abatte's presence because even though he was not his supervisor he was in a position to talk with Plaintiff's supervisors and possibly affect his job security). Likewise, general concerns that Ms. Ohlinger will get some unfair advantage from attending Plaintiff's deposition does not provide the necessary good cause to support Ms. Ohlinger's exclusion from Plaintiff's deposition.

Plaintiff also takes issue with the Court's award of attorney's fees. The Court awarded fees pursuant to Fed. R. Civ. P. 37(a)(5)(A), which mandates the award of fees incurred in filing the motion unless the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action or the Court determines that the response of the non-moving party was substantially justified or if other circumstances make an award of expenses unjust. Here, Plaintiff argues that fees should not have been awarded as he had good cause to challenge Ms. Ohlinger's attendance at Plaintiff's deposition, both because Plaintiff was not provided advance notice that Ms. Ohlinger would be the corporate representative and because this dispute raises a novel issue –i.e., whether a corporate representative, who is also a fact witness, can properly attend the other party's deposition.

As an initial matter, even assuming that Plaintiff was caught off guard by Ms. Ohlinger's attendance at his deposition on December 18, 2024, Plaintiff had ample

opportunity to review the applicable law before Defendant filed its motion to compel on December 30, 2024. And while Plaintiff's counsel may not have found numerous cases addressing this specific issue—the law is well-settled that parties generally have the right to attend depositions; that a "a court may exclude a party from attending a deposition only in extraordinary circumstances'; and that in order to establish the requisite good cause a movant must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements supporting the need for a protective order." Despite the well-settled law, Plaintiff filed his motion for protective order (and his response to Defendant's motion to compel) seeking to exclude Ms. Ohlinger from Plaintiff's deposition based solely on "generalized and conclusory allegations" of potential prejudice, which the Court found—and still finds—to be insufficient.

Accordingly, Plaintiff's motion for reconsideration (Doc. 32) is due to be denied because Plaintiff has failed to show that the Court's ruling is clear error or will result in manifest injustice. Rather, the motion for reconsideration largely attempts to re-litigate issues already raised in the motion to compel and the motion for protective order. While Plaintiff cites additional evidence in support of his arguments, that evidence was available to him when the motion to compel and motion for protective order were filed. Plaintiff cannot use the motion for reconsideration to make new arguments or add more details to arguments that he previously made. *Am. Home Assurance Co.*, 763 F.2d at 1239 (allowing a party to raise new arguments in a motion for reconsideration "essentially affords a litigant 'two bites at the apple'"). Simply put, Plaintiff has failed to demonstrate that the "extraordinary remedy" of reconsideration (which courts have used sparingly) is appropriate in this instance.

### III. Award of Attorney's Fees

On January 31, 2025, the Court ordered Plaintiff to pay to Defendant the reasonable expenses and attorney's fees incurred by counsel in preparing and filing the motion to compel (Doc. 31). The Court directed Defendant to file an affidavit supporting the request for fees and expenses and permitted Plaintiff to file a response in opposition ten days thereafter. As directed, Defendant filed the Affidavit of Douglas T. Noah, Esq. in support of its request for fees and expenses. (Doc. 33).[3] Plaintiff filed a response in opposition challenging both the time spent by counsel and the requested hourly rates. (Doc. 34).

While the Court has determined that the Defendant has a right to recover attorney's fees associated with the successful motions to compel and sanctions, the Court has a corresponding duty to ensure that such an award is reasonable. In determining a reasonable award of attorney's fees, the Court applies the federal lodestar approach, which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "an expert

---

[3] In response to the affidavit, Plaintiff noted that the affidavit had been filed late. (Doc. 34). Defendant then filed a motion asking the Court to accept the affidavit out of time because counsel had mis-calendared the deadline as the standard fourteen days, instead of the ten days ordered by the Court. (Doc. 37). Upon due consideration, the Court grants the motion and accepts the affidavit out of time.

on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

### A. Reasonable Hours Expended

First, the Court must determine the number of hours reasonably expended in the preparation and filing of the motion to compel. Counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). If fee applicants do not exercise billing judgment, courts "are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). When a court finds the number of hours billed to be unreasonably high, a court has two choices: it may review each entry and deduct the unreasonable time, or it may reduce the number of hours by an across-the-board cut. *Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008).

Here, Defendant seeks compensation for 10.60 hours, consisting of work performed by three lawyers from Dean, Ringers, Morgan & Lawton, P.A. Despite the Court limiting the award to fees incurred in the preparation and filing of the motion to compel, Defendant seeks recovery for all time spent from the deposition on December 18, 2024, through the date of filing the motion to compel. Consistent with its prior Order, the Court will only allow recovery for entries which are specifically related to researching and drafting the motion to compel:

| Date | Lawyer | Description | Time |
|---|---|---|---|
| 12/18/24 | Douglas T. Noah, Esq. | Legal research procedural rule governing deposition process | 0.50 |
| 12/18/24 | Douglas T. Noah, Esq. | Legal research regarding sequestration of witnesses from deposition and responsibilities of counsel to seek protection prior to interfering with deposition process | 1.2 |
| 12/27/24 | Douglas T. Noah, Esq. | Begin draft of Defendant's Motion to Compel Plaintiff's Deposition | 1.4 |
| 12/30/24 | Parker J. Watts, Esq. | Revise Defendant's motion to compel and for sanctions | 0.40 |

Accordingly, the Court finds that 3.50 hours is a reasonable number of hours spent by counsel in preparing and filing the motion to compel.[4] Specifically, the Court allows 3.1 hours for Mr. Noah and 0.4 hours for Mr. Watts.

**B.     Reasonable Hourly Rates**

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id*. The trial court itself is an

---

[4] The Court would have allowed the 1.0 spent by Mr. Noah on December 18, 2024, for drafting the 3.01(g) letter in preparation for the motion for sanctions but Plaintiff's counsel filed an affidavit in which she avers that she never received such a letter. (Doc. 34 at 15).

expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *See id*. at 1303.

Here, Defendant requests $190.00 per hour for Douglas T. Noah, Esq., a partner with Dean, Ringers, Morgan & Lawton, P.A. with thirty-five years of experience, including the defense of public entities and employees from federal and state law claims; and $160.00 per hour for Parker J. Watts, Esq., an associate with three years of experience. The Court has no trouble concluding that these rates are reasonable based on its own experience and familiarity with rates in the Middle District of Florida.

### C. Conclusion

Based upon the foregoing, the Court finds that the reasonable expenses and attorney's fees incurred by counsel in preparing and filing the motion to compel is $653.00:

| Lawyer | Hours Expended | Hourly Rate | Total |
|---|---|---|---|
| Douglas T. Noah, Esq. | 3.10 | $190.00 | $589.00 |
| Parker J. Watts, Esq. | 0.40 | $160.00 | $64.00 |
|  |  |  | **Total: $653.00** |

Within **ten days** of this Order, Plaintiff shall remit to counsel for Defendant, The City of Clermont **$653.00,** which represents the reasonable expenses and attorney's fees incurred in preparing and filing the motion to compel.

**DONE** and **ORDERED** in Ocala, Florida on February 25, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties