UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MARK WRIGHT-AHERN,**

    **Plaintiff,**

**v.**                                                                                 Case No: 5:24-cv-173-MMH-PRL

**CITY OF CLERMONT,**

    **Defendant.**

## ORDER

Plaintiff filed a motion seeking to compel Defendant, The City of Clermont, to produce a corporate representative for deposition on several topics, upon which its initial corporate representative, Nadine Ohlinger, could not testify. (Doc. 35). Based on Defendant's response (Doc. 43) and Plaintiff's reply (Doc. 44), Defendant subsequently produced a second corporate representative, Brian Forman, for deposition. Mr. Forman testified regarding the remaining designated topics except for one—i.e., the job titles and "racial ethnicity" of Defendant's employees within the Parks and Recreation Department from 2023. In efforts to address that final topic, Defendant provided Plaintiff with a spreadsheet, and at the request of Plaintiff's counsel, an affidavit. Accordingly, it appears that all information sought by Plaintiff in his 30(b)6 notice has now been provided.

Nevertheless, Plaintiff claims the motion is not moot. First, he contends that while Defendant provided a spreadsheet of the individuals who worked during the period of 2023, Plaintiff was not able to inquire about those individuals under oath. (Doc. 44 at ¶11). This argument is undercut by the attached emails, in which counsel for Defendant provided

Plaintiff's counsel with a "breakdown of the employees in that Department with their job titles and race" and asked, "[d]oes that provide you the information you are looking for?" (Doc. 43-9 at 2). In response, Plaintiff's counsel asked, "[w]ould you also provide a sworn affidavit by Mr. Forman to accompany this document? If not, I would like to re-open the deposition for sworn testimony." (*Id.*). Defense counsel then provided Plaintiff's counsel with an affidavit by Mr. Forman. (Doc. 43-9 at 1-2). Plaintiff has failed to identify any specific information that he still requires or specific discovery that needs to be conducted based on the information disclosed in the spreadsheet.

Also unpersuasive is Plaintiff's general assertion that Plaintiff's discovery requests "still remain incomplete and now the discovery period has closed." (Doc. 44 at 2, ¶13). At the most basic level, Plaintiff fails to identify which discovery is still incomplete. Presumably, he is referring to his third request for production, which he claims he was "forced to serve . . . on the last day of discovery, to which Defendant will likely object." (Doc. 44 at 5). Plaintiff simply states that the third request was necessary to obtain information upon which the corporate representative could not testify. (Doc. 44 at 2, ¶10). However, as discussed above, there was only one topic upon which Mr. Forman could not testify, and Defendant subsequently produced the spreadsheet and affidavit—which based on the email between counsel seemed to be sufficient. Plaintiff has failed to identify any information sought by the third request (or otherwise in discovery) that has not yet been provided by Defendant; and thus, there is nothing for the Court to compel.

That leaves Plaintiff's request for sanctions. Pursuant to Rule 37(a)(5)(A), Fed.R.Civ.P., when a motion to compel is granted—or the requested discovery is provided after the motion is filed—the Court is required to award the fees and expenses incurred in

filing the motion.[1] Only if the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action, that the response of the non-moving party was substantially justified, or where other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. Here, based on my review of the record, I find that sanctions should not be imposed.

There is no question that the scheduling and taking of depositions in this case has not gone smoothly and both parties point to issues related to the scheduling of Defendant's corporate representative's deposition.

Ms. Ohlinger was deposed on February 20, 2025, both in her capacity as a fact witness and as a corporate representative. There is no dispute that Ms. Ohlinger was not prepared to testify on all Topics identified in the 30(b)(6) Notice. However, contrary to Plaintiff's suggestion, this was not a surprise. Indeed, defense counsel advised Plaintiff's counsel prior to the deposition that Ms. Ohlinger was designated as the corporate representative only for Topics 6-8 and 11-14, and that Defendant would designate a second corporate representative to testify on the remaining Topics and would make that person available as soon as possible. (Doc. 43-5 at 1; Doc. 43-6 at 1; Doc. 44-2 at 5; Doc. 43 at ¶12). According to defense counsel, they advised Plaintiff's counsel that if the deposition could not be accomplished prior to the discovery deadline, Defendant would agree to an extension of the discovery deadline for that limited purpose. (Doc. 43 at ¶12). At Ms. Ohlinger's deposition, defense counsel again

---

[1] *See* Fed. R. Civ. P. 37(a)(5)(A)(If [a motion to compel discovery] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must* . .. require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . . ." (emphasis added).

advised that Defendant would provide Plaintiff with a second corporate representative to answer the remaining Topics. Nevertheless, the next day, on February 21, 2025, Plaintiff filed the instant motion. In response, defense counsel emailed Plaintiff's counsel again advising that it would promptly provide the second corporate representative to testify. (Doc. 43-7 at 1-2). Mr. Forman's deposition was ultimately conducted on February 28, 2025.

Given these communications—and Defendant's clear willingness to schedule the deposition of its second corporate representative—it appears that this issue could have been resolved without court intervention. While the Court understands Plaintiff's frustration with the scheduling of the corporate representative, the record seems to suggest a misunderstanding regarding the scope of Ms. Ohlinger's deposition. (*See e.g.,* Doc. 43-6 at 2; Doc. 43-7 at 1-2). I am not suggesting that either party is without blame. However, under these circumstances, I find that sanctions are not justified.

Accordingly, Plaintiff's motion to compel corporate representative deposition and for sanctions (Doc. 33) is due to be denied.

**DONE** and **ORDERED** in Ocala, Florida on March 31, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties