UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| MARK WRIGHT-AHERN, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CLERMONT, <br><br> Defendant. | CIVIL ACTION <br> NO. 5:24-00173-WGY-PRL |

YOUNG, D.J.[1]                                                July 29, 2025

**ORDER**

Mark Wright-Ahern ("Wright-Ahern") filed suit against the City of Clermont ("Clermont") on April 8, 2024, bringing claims of discrimination, hostile work environment, and retaliation under Title VII, 42 U.S.C. § 2000e et seq., and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 et seq., based on events surrounding his termination from a job with Clermont's Parks & Recreation Department. Compl., ECF No. 1. He filed the operative Amended Complaint on April 22, 2024. First Am. Compl. ("FAC"), ECF No. 6. Clermont moves for summary judgment on all counts. Def. Clermont's Mot. Summ. J. & Incorporated Mem. Law ("Def.'s Mem."), ECF No. 48. The parties have fully briefed the motion. Pl.'s Am. Resp. Def. Clermont Mot. Summ. J. ("Pl.'s

---

[1] Of the District of Massachusetts, sitting by designation.

Opp'n"), ECF No. 55; Def.'s Reply Supp. Mot. Summ. J., ECF No. 61; Pl.'s Resp. Def.'s Reply Supp. Mot. Summ. J. ("Pl.'s Sur-Reply"), ECF No. 62.

At a hearing held on July 23, 2025, this Court ALLOWED Clermont's motion for summary judgment in part as to Wright-Ahern's discrimination claims, Counts I, II, V, and VI, and took the other counts under advisement pending a written order.

This Court now DENIES Clermont's motion for summary judgment in part as to Wright-Ahern's hostile work environment claims, Counts III and VII, and ALLOWS the motion in part as to his retaliation claims, Counts IV and VIII.

Drawing all inferences in favor of the non-moving party Wright-Ahern, this Court rules that there are genuine issues of material fact as to whether Clermont subjected Wright-Ahern to a hostile work environment. The parties dispute the meaning of the potentially discriminatory terms "skittles," which Wright-Ahern's supervisor Jennifer Stills ("Stills") allegedly used to refer to him at least twenty times during the roughly eight months of his employment by Clermont, and "trigger fingers," whether Stills referred to her family as "racist" in a threatening way, and the precise dates when Wright-Ahern informed Stills' supervisor Brian Forman ("Forman") and Clermont's Human Resources of this and other potentially discriminatory behavior by Stills against him, in addition to

[2]

the content of those disclosures. See Pl.'s Opp'n 4, 8, 10-12 & n.14; Def.'s Mem. 15-16 & n.18, 29-30. Given Wright-Ahern's allegations that Stills otherwise seriously interfered with Wright-Ahern's work, including by refusing to train him and by exaggerating reports of his underperformance and of conflicts with her in communications with her supervisor, a reasonable jury could find that Wright-Ahern was subjected to a hostile work environment affecting the terms and conditions of his employment. See FAC ¶¶ 27-41, 43-53, 56-57; Pl.'s Opp'n 3-20. Although "[c]ourts have rejected hostile work environment claims even where plaintiffs have repeatedly been referred to by offensive names," Peddie v. InComm, No. 1:17-CV-4405, 2019 WL 13548005, at *28 (N.D. Ga. May 21, 2019), "the Eleventh Circuit and the Supreme Court have both recognized that even if harassing conduct and statements are facially neutral, a plaintiff may establish by circumstantial evidence that such harassment was, in fact, because of sex or another protected characteristic. . . . Therefore, while harassment that is . . . neutral on its face does not *itself* give rise to an inference of discriminatory motivation, such harassment may still be proven to have been 'because of [a protected characteristic]' by circumstantial evidence, including as it relates to the harasser's . . . use of [characteristic]-specific epithets on other occasions or [her] more favorable treatment of similarly

[3]

situated . . . employees [without the protected characteristic]." Livingston v. Marion Bank and Tr. Co., 30 F. Supp. 3d 1285, 1303-05 (N.D. Ala. 2014). Wright-Ahern has pointed to evidence supporting a reasonable inference that this may be such a case.

Furthermore, the factual dispute as to what exactly Wright-Ahern reported to Forman and Human Resources about Stills' behavior, and when, precludes this Court from granting summary judgment based on Clermont's asserted affirmative defense under Faragher v. City of Boca Raton, 524 U.S. 775 (1998). Where this defense is successful, employers will not be held liable for hostile work environments that do not directly culminate in tangible employment actions, subject to a reasonable care standard, if the employee in question failed to take advantage of reasonable reporting policies and corrective opportunities or otherwise failed to avoid harm. Madray v. Publix Supermarkets, Inc., 208 F.3d 1290, 1296-97 (11th Cir. 2000). As Clermont acknowledges, Wright-Ahern alleges that he reported discriminatory treatment to Forman, including Stills' ostensibly discriminatory epithets, as early as March 2023, and complained to Human Resources before the June 13, 2023 date on which Clermont admits that such complaint was made, which Forman and Human Resources deny. Def.'s Mem. 16. It is Clermont's burden to show that this affirmative defense applies, and, given that

[4]

Clermont only generally asserts that its policies were adequate and were not properly pursued, Def.'s Mem. 4-5, 28-29, and that the facts surrounding Wright-Ahern's alleged failure to report are disputed, id. at 29-30, this Court rules that it has not carried this burden at this stage. See Edgerton v. City of Plantation, No. 16-16064, 2016 WL 8943943, at *8 (S.D. Fla. Aug. 17, 2016) (denying summary judgment based on Faragher affirmative defense where "Plaintiff . . . presented evidence that she complained to her supervisor" and introduced evidence that "the City's policy does not require, request, nor suggest that a complainant go only or directly to the Human Resources Director"); Def.'s Mem, Ex. 8, Employment Policies Manual 16, ECF No. 48-13 ("Employees with questions or concerns about any type of discrimination in the workplace are encouraged to bring such issues to the attention of the immediate supervisor, department director, Human Resources Director, **or** City Manager." (emphasis added)).

The retaliation issue is closer. To argue that his complaints regarding potentially discriminatory behavior caused his termination, Wright-Ahern points this Court to the temporal proximity of two-and-a-half months between his complaint to Human Resources on June 13, 2023 and his discharge on August 29, 2023, in addition to a final meeting about his complaints in July 2023. Pl.'s Sur-Reply 7. "[T]he Eleventh Circuit has held

[5]

that a three month gap between the protected activity and the adverse employment action is insufficient to establish an inference of retaliation under Title VII," Banks v. IGov Techs., Inc., No. 8:14-cv-2701, 2015 WL 12939794, at *12 (M.D. Fla. Oct. 27, 2015), but two-and-a-half months appears to be right on the line between plausible and implausible inferences of causation, see Robinson v. LaFarge N. Am., Inc., 240 F. App'x 824, 828-29 (11th Cir. 2007) (ruling that a prima facie case of retaliation was made based on a roughly two-month gap between complaint and adverse action); see also Banks, 2015 WL 12939794, at *12 (relying on plaintiff's "first inquiry to human resources" to set time frame for assessing temporal proximity).

On the other hand, in order to proceed on this theory, Wright-Ahern must also make a showing of pretext, that is, that Clermont's proffered, neutral reason for his termination -- here, Wright-Ahern's violation of Clermont's policies against aggressive or intimidating workplace behavior, Def.'s Mem. 13-15, which violation Clermont confirmed via an internal investigation, id., Ex. B, Human Res. Mem. -- was in fact a pretext for discriminatory retaliation, not "recast[ing] the reason" offered but "meet[ing] it head on and rebut[ting] it," with the burden of persuasion remaining on him throughout. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087-88 (11th Cir. 2004). This generally requires a showing of "such weaknesses,

[6]

implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." Gray v. City of Jacksonville, Fla., 492 F. App'x 1, 4 (11th Cir. 2012) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir. 1997)).

Given that the bulk of Wright-Ahern's complaints are about Stills, not Forman or any other decisionmaker responsible for his firing, Wright-Ahern's evidence of pretext is highly circumstantial: in the main, some evidence that Forman may have applied Clermont's comp time policy more leniently toward Stills than toward Wright-Ahern, and that Clermont was preparing to hire someone for a position similar but not identical to Wright-Ahern's after his complaint to Human Resources but before his firing. Pl.'s Opp'n 13-15. Although plaintiffs may use "the same evidence offered initially to establish the prima facie case" to show pretext, Wilson, 376 F.3d at 1088, the Eleventh Circuit has indicated that even a gap of a couple weeks between protected activity and an adverse action is "probably insufficient to establish pretext by itself," Johnson v. Miami-Dade Cnty., 948 F.3d 1318, 1328 (11th Cir. 2020) (citation omitted), and Wright-Ahern's further circumstantial evidence of pretext fails to meet Clermont's proffered neutral reason for his termination "head on" and rebut it, Wilson, 376 F.3d at

[7]

1087-88, but instead suggests at most that Forman -- who was not part of the Human Resources team that investigated the incident leading to Wright-Ahern's termination -- may have given preferential treatment to Stills in some other respects.  Even drawing all inferences in Wright-Ahern's favor, then, he has not carried his burden of showing that there is a genuine issue of material fact affecting his retaliation claims, which may succeed only on a showing of but-for causation linked specifically to a "desire to retaliate."  <u>University of Tex. Sw. Med. Ctr.</u> v. <u>Nassar</u>, 570 U.S. 338, 352 (2013).

    For these reasons, Clermont's motion for summary judgment, ECF No. 48, is DENIED in part as to Counts III and VII, and ALLOWED in part as to Counts IV and VIII.

    **SO ORDERED.**

/s/ William G. Young<br>
WILLIAM G. YOUNG<br>
DISTRICT JUDGE